## SHEPHERD v. BALTIMORE AND OHIO RAILROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 213. Argued March 20, 21, 1889. — Decided April 8, 1889.

To entitle a property owner to recover for injury to his property in Ohio by reason of the location of a railroad on a public street, road or alley, it is not necessary under the provisions of Rev. Stats. Ohio, § 3283, that the property should be situated upon the street so occupied; but it is

sufficient if it is near enough to it to be injured by the location and occupation.

Damages for a temporary injury sustained by a property owner by reason of the occupation of a street during the construction of a railroad are not recoverable under § 3283, Rev. Stats. Ohio.

The pleadings in this case cover both the claim for damages under the statute, and the claim for special damages by reason of obstruction during construction.

THE court, in its opinion, stated the case as follows:

This action was brought to recover damages for injuries alleged to have been done by the defendant in error to certain improved lots on Union Street, in Bellaire, Ohio, of which the plaintiff in error, who was the plaintiff below, claims to be the owner. It is based upon § 3283 of the Revised Statutes of Ohio, which provides: "If it be necessary, in the location of any part of a railroad, to occupy any public road, street, alley, way, or ground of any kind, or any part thereof, the municipal or other corporation or public officers or authorities, owning or having charge thereof, and the company may agree upon the manner, terms and conditions, upon which the same may be used or occupied; and if the parties be unable to agree thereon, and it be necessary, in the judgment of the directors of such company, to use or occupy such road, street, alley, way or ground, such company may appropriate so much of the same as may be necessary for the purposes of its road, in the manner and upon the same terms as is provided for the appropriation of the property of individuals; but every company which lays a track upon any such street, alley, road or ground, shall be responsible for injuries done thereby to private or public property, lying upon or near to such ground, which may be recovered by civil action brought by the owner, before the proper court, at any time within two years from the completion of such track." Rev. Stats. Ohio (ed. 1880), 851. This is, without material change, the first section of the act of April 15, 1857, entitled " An act to amend the act entitled ' An act to provide for the creation and regulation of incorporated companies in the State of Ohio,' passed May 1, 1852, and to regulate railroad companies." Laws of Ohio, 1857, 133.

The lots in question are situated on the west side of Union (formerly Water) Street, thirty-three feet south from Thirty-first (formerly First) Street, and extena back one hundred and twenty feet to an alley, running from Crescent Street to Thirty-first Street. Upon the lots is a two-story brick building, the first floor being used as a dry goods store and the rest of the building as a hotel. The railroad company — with the assent, as we assume, of the municipal authorities of Bellaire — constructed its road in Thirty-first Street, upon arches springing from stone pillars about twenty-seven feet apart, each pillar being twelve feet long, six feet thick, and thirty feet high. Two of the pillars are in Union Street, at the intersection of that street with Thirty-first Street, each of them extending fifteen inches within the line of the sidewalk on each side of the roadway of Union Street, through Thirty-first Street. It took from three to four years to build the railroad in the latter street. During that period Union Street for about one hundred feet south from Thirty-first Street towards Crescent Street (which is parallel to and the next street south from Thirty-first Street) was obstructed by stone, timber, rock, derricks, steam engines, barrels, guy-ropes, etc., such obstructions extending in front of and past the lots in question. For a great part of the time the railroad was being built, teams could not get to this property because of these obstructions, and at times persons could hardly get to it or pass by it on foot. Before the railroad was built in Thirty-first Street the property was worth from $9000 to $10,000, the store bringing an annual rent of from $400 to $500, and the whole building $1000; afterwards it was not worth more than from $4000 to $5000, and the rental was reduced one half.

These facts having been proven by a witness on behalf of the plaintiff, subject to objection to their competency, the court, on motion of the defendant, excluded from the consideration of the jury so much of the evidence as related to the depreciation of the value of the property by reason of the above obstructions, and all the testimony relative to the diminution of its rental value.

The plaintiff then made a formal offer to prove that the building of the railroad in Thirty-first Street was in progress three or four years, during which time the company obstructed Union Street, in front of his property, with materials of all kinds used in building the railroad, so that access to his property was seriously obstructed; that because of such obstruction his tenants occupying the premises left them, and he was unable to rent them, and by reason thereof he lost their rental value, amounting to at least two thousand dollars; that access from Thirty-first Street to the alley in the rear of his property was entirely cut off during the building of the railroad; that the alley was too narrow for teams coming in from the other direction to turn, and that he had a stable at the rear of his property and abutting on the alley, which became entirely untenantable during the construction of the railroad; that the building of the pillars and the archway connecting the same at the intersection of Union and Thirty-first streets damaged the access to his property from Union Street, and the building of the railroad in Thirty-first Street, west of Union Street, damaged his access to his property through the alley in the rear, and depreciated its market value in the sum claimed in the petition. The court refused to admit this proof, and ruled that damages to the rental value of the property were not recoverable in this action, nor damages resulting from the placing of obstructions on Union Street in front of the property, during the time of the building of the railroad, and that no recovery could be had by him for damages to his property by reason of the building of the railroad in Thirty-first Street.

The court further decided that § 3283 of the Revised Statutes of Ohio does not enlarge or extend the liabilities of railroad companies, but only preserves the right of property owners to recover for injuries done to their property by the building of railroads under agreements made with municipal or other corporations or public officers or authorities, as provided in that section, precisely as if no such agreements had been made.

These rulings having been made, and duly excepted to by

the plaintiff, the court, on defendant's motion, gave a peremptory instruction to the jury to return a verdict in its behalf, which was done.

Mr. *John W. Herron*, for plaintiff in error, cited: *Railroad Co.* v. *Hambleton*, 40 Ohio St. 496; *Bingham* v. *Doane*, 9 Ohio, 165; *Crawford* v. *Village of Delaware*, 7 Ohio St. 459; *Cincinnati & Spring Grove Railway* v. *Cumminsville*, 140 Ohio St. 523; *Railway Co.* v. *Lawrence*, 38 Ohio St. 41; *Columbus &c. Railroad* v. *Mowatt*, 35 Ohio St. 284; *Railway Co.* v. *Gardner*, 45 Ohio St. 309; *Rude* v. *St. Louis*, 93 Missouri, 408.

Mr. *Hugh L. Bond, Jr*, and Mr. *E. J. D. Cross*, for defendant in error, cited: *Clark* v. *Fry*, 8 Ohio St. 358; *S. C.* 72 Am. Dec. 590; *Rochette* v. *Chicago &c. Railway*, 32 Minnesota, 201; *S. C.* 17 Am. & Eng. Railroad Cas. 192; *Proprietors of Lock &c.* v. *Nashua & Lowell Railroad*, 10 Cush. 385; *Railway Co.* v. *Gardner*, 45 Ohio St. 309; *Crawford* v. *Village of Delaware*, 7 Ohio St. 59; *Jackson* v. *Jackson*, 16 Ohio St. 163; *Blackwell* v. *Old Colony Railroad* 122 Mass. 1; *Caledonian Railway* v. *Ogilvy*, 2 Macq. H. L. Cas. 229; *Pierce* v. *Dart*, 7 Cowen, 609; *Houck* v. *Watcher*, 34 Maryland, 265; *Sargent* v. *Ohio & Mississippi Railroad*, 1 Handy (Sup. r. Ct. of Cincinnati), 52, 59; *Pittsburg & Lake Erie Railroad* v. *Jones*, 111 Penn. St. 204.

MR. JUSTI  HARLAN delivered the opinion of the court.

The express requirement that every railroad company occupying a street or other public ground, under an agreement with the municipal or other authorities, owning or having charge thereof, "shall be responsibl for injuries done thereby to private or public property, lying upon or near to such ground," leaves little ro n for construction. The right to recover damages for such injuries is not limited to owners of property immediately upon the street occupied by the track or other structures of the railroad company. Tr the legislature had intended to restrict the right of action given by the statute to owners of the latter class of property, the words "or ar to" wo ld not have been used. The manifest purpose was to place those whose property was "near to" any public

street thus occupied upon an equality, in respect to the right to sue, with those whose property abutted on the street.

In *Columbus, Springfield &c. Railroad* v. *Mowatt*, 35 Ohio St. 284, 287, which was an action to recover damages for injuries to private property not immediately upon the street occupied by the railroad track, the court held the limitation of two years prescribed by the statute to be applicable, because the street was occupied under an agreement with the municipal authorities, and because the premises were "near to" that street. But an adjudication more directly in point is *Railway Co.* v. *Gardner*, 45 Ohio St. 309, 318, which was made after the decision in the court below of the case now before us. The property there alleged to have been injured was immediately upon the street in which the railroad track was maintained under municipal authority. Referring to *Parrot* v. *Railroad Co.*, 10 Ohio St. 624, as not controlling the case then before the court, it was said: "For, whereas the court declares in that case that the owner of such lot has no more right to recover damages of the company than any citizen who resides, or may have occasion to pass, so near the street and railroad as to be subjected to like discomforts, the act in question expressly authorizes an action and recovery for injuries done by laying a track upon any such street or ground to private or public property 'lying upon or *near to* the street or ground upon which the track is laid.' It seems that to entitle a property owner to recover for injury to his property, it need not necessarily be situated *upon* the street occupied by the track. The statute reaches beyond the decision in prescribing a remedy for a party whose property is injured by the location and operation of a railroad track through the street by a railroad corporation. . . . . The provision in force at the time of the injury complained of in that case, of which § 3283 is an amendment, created no such remedy for land owners as we are considering."

This interpretation of the statute is, in our judgment, the only one justified by its words, although it may sometimes be difficult to determine whether particular property, alleged to have been injured by the placing of a railroad track or struc-

ture in a public street, is, within the meaning of the statute, "near to" that street. It is certain, however, that property is "near to" the street, so as to entitle the owner to avail himself of the remedy given by the statute, if the injury to it is the direct and necessary result of the occupancy of the street by the track or other structures of a railroad company. And an injury for which the company is liable, under the statute, arises when the diminution of the value of the property can be fairly attributed to such occupancy and use of the street. In Grafton v. Baltimore & Ohio Railroad, 21 Fed. Rep. 309, which was an action under this statute for injury done by the obstructions here in question, Mr. Justice Matthews said: "There does not appear to be any ground, in the words or intention of the act, for a distinction between temporary injuries to the use, and permanent injuries to the value, of the property injured; and, in the absence of any ambiguity, the statute must be taken to mean what it plainly says; and, there being no sufficient reason to the contrary, must be so construed that the railroad company, in the case contemplated, shall be held responsible for all injuries of every description done by its work to the property of the plaintiffs." It is scarcely necessary to say that the same rule as to compensation must be applied in the case of property "near to" any street so occupied by a railroad company. The injury, in a case of that kind, may not, in every case, be easily ascertained, but the right of the owner, under the statute, to full compensation for it, is as clear as is the right of the owner of property abutting on the street, to be compensated for any substantial injury resulting from its occupancy by a railroad.

One of the questions discussed at the bar was as to the right of the plaintiff to recover damages in this action on account of the obstructions placed in Union and Thirty-first Streets during the building of the railroad, whereby access to his property by way of Union Street, as well as through the alley in the rear, was materially obstructed. We are of opinion that the temporary injury sustained by the plaintiff on account of such obstructions cannot properly be said to have been done to the property itself, within the meaning of the statute. The

inquiry in every case, under the statute in question, is, whether the property alleged to be injured has been depreciated in value by reason of the street being occupied by a railroad company, and that question is solved by ascertaining the difference in its value before and its value after the final location and construction of the railroad. *Railway Co.* v. *Gardner*, 45 Ohio St. 309, 322. The authority given to the railroad company to place its track in Thirty-first Street carried with it authority to obstruct its use temporarily, so far as the building of the track required it to be done. The rule, in Ohio, applicable in such a case is thus stated in *Clark* v. *Fry*, 8 Ohio St. 358, 373: "The right of transit in the use of public highways is subject to such incidental, temporary, or partial obstructions as manifest necessity may require," and among those are the temporary impediments necessarily occasioned in the building and repair of houses on lots fronting upon the streets of a city, and in the construction of sewers, cellars, drains, etc. " These are not invasions, but qualifications of the right of transit; and the limitation upon them is that they must not be *unnecessarily* and *unreasonably* interposed or prolonged."

But the plaintiff's special damages, if any, on account of such obstructions, constituted a cause of action apart from his claim, under the statute before us, for damages on account of the depreciation of the value of the property itself, as the result of the permanent occupancy of the street with a railroad track. And here the point is made that the petition is not so framed as to cover those special damages. In this view we do not concur. Its allegations are broad enough to admit evidence in support of the claim for damages on account of any unnecessary obstruction of the plaintiff's access to his property during the building of the railroad track in Thirty-first Street, as well as of the claim for injury done to the permanent value of the property. The plaintiff could have been required to separately state his two causes of action, but no motion to that end having been made in the court below, that objection was waived. *McKinney* v. *McKinney*, 8 Ohio St. 423 ; *Hartford Township* v. *Bennett*, 10 Ohio St. 441, 443 ; Civil Code Ohio, §§ 80, 81, 86. Nor, so far as the record shows,

were the rulings of· the court below based in any degree upon
the ground that the petition did not sufficiently set forth a
separate cause of action for special damages on account of the
temporary obstructions referred to.

The point was pressed at the bar, that, as no proof was in-
troduced by the plaintiff to overcome the denial by the defend-
ant in its answer of his ownership of the property in question,
any errors committed by the court as to other issues made by
the pleadings are immaterial, since the peremptory instruction
was proper in view of the plaintiff's failure to prove his owner-
ship.    This objection is too technical and cannot be sustained,
as·the property is repeatedly referred to in the record as being
owned by the plaintiff, and the court so assumed in its rulings.
After ·the exclusion of competent evidence introduced and
offered in behalf of the plaintiff upon the issue as to the injury
done to the property, his ownership being unquestioned except
by a formal denial in the answer, and the issue as to the injury
being treated as the real point of inquiry, we ought not to
affirm for the want of affirmative proof in the record of such
ownership.

It results from what we have said that the plaintiff was en-
titled to go to the jury upon the issue as to the damage he
sustained, if any, by reason of the access to his property during
the construction of the track being unnecessarily and materially
obstructed by the company, as well as upon the issue as to the
depreciation, if any, in the value of his property, as the direct
and necessary result of the permanent occupancy of Thirty-
first Street by the track and structures of the company.    Evi-
dence was offered which tended to support those issues, upon
his part, and was improperly excluded.

*The judgment is reversed with directions for a new trial, and
for further proceedings consistent with this opinion.*