### MULLER v. KELLY.

#### (Circuit Court, E. D. Pennsylvania. June 13, 1902.)

#### No. 21.

**1. ATTORNEYS—VALIDITY OF CONTRACT FOR CONTINGENT FEE.**

A contract by an attorney for a contingent fee, where it is not champertous, and the costs are to be paid, and are paid, by the client, is valid, both under the Pennsylvania decisions and those of the federal courts.

**2. SAME.**

Where a contract to pay an attorney a contingent fee for his services in a suit is valid under the law, and no claim is made that such a contract was obtained by unfair means, it is binding as to the proportion of the recovery agreed to be paid.

**8. CONTRACTS—GROUNDS FOR AVOIDANCE—INABILITY TO READ ENGLISH.**

A contract cannot be avoided by a party on the ground that he could not read English, and did not understand it when he signed it, where he is a man of ordinary intelligence, and no claim is made that it was obtained by the other party by unfair means.

At Law. On motion for new trial.

Edward F. Hoffman, for plaintiff.

D. W. Dougherty, for defendant.

J. B. McPHERSON, District Judge. It is not important to decide the question whether the validity of the contract in question for a contingent fee should be determined by the Pennsylvania decisions or by the decisions of the federal courts. Admittedly, the supreme court of Pennsylvania has sustained such contracts (Chester Co. v. Barber, 97 Pa. 455; Perry v. Dicken, 105 Pa. 83, 51 Am. Rep. 181); but for the purposes of this motion I shall assume that the contract is to be tested by the decisions of the supreme court of the United States. Thus tried, also, it seems to me to be sustained by Wylie v. Coxe, 15 How. 415, 14 L. Ed. 753; Wright v. Tebbitts, 91 U. S. 252, 23 L. Ed. 320; Stanton v. Embry, 93 U. S. 548, 23 L. Ed. 983; McPherson v. Cox, 96 U. S. 404, 24 L. Ed. 746; and Taylor v. Bemiss, 110 U. S. 42,

¶ 1. See Attorney and Client, vol. 5, Cent. Dig. § 351; Champerty and Maintenance, vol. 9, Cent. Dig. §§ 24, 25.

3 Sup. Ct. 441, 28 L. Ed. 64. These cases are all recognized in Ball v. Halsell, 161 U. S. 80, 16 Sup. Ct. 554, 40 L. Ed. 622, decided in 1896; and, although it is argued that they have been practically overruled by Peck v. Heurich, 167 U. S. 624, 17 Sup. Ct. 927, 42 L. Ed. 302, decided the next year, I am unable to assent to that view. The contract in Peck v. Heurich was champertous. The plaintiff had taken a conveyance of certain lands in trust to sue for their recovery, and, if recovered, to sell them, retaining one-third of the proceeds for his services, and agreeing to pay all the costs and expenses of the litigation. The present contract has no such provision for the payment of costs and expenses, nor had the contracts in the federal cases cited. The defendant paid for the writ when it was issued; but this is the universal custom in this county, and the amount was afterwards repaid. All other expenses were paid out of the plaintiff's share of the fund. I think, therefore, that Peck v. Heurich is plainly distinguishable, and that the pending motion must be decided against the plaintiff on the authority of the earlier decisions of the supreme court. The subject of champerty and contingent fees is discussed in a valuable note to be found in Thallhimer v. Brinckerhoff (N. Y.) 15 Am. Dec., at page 316, where many cases are quoted.

Complaint is also made because the court did not submit to the jury the question whether or not the amount of the fee, 50 per cent., was reasonable, and permit them to make such allowance as in their opinion the services were worth. This position, I think, is based upon an erroneous conception of the contract. If a contract for a contingent fee is valid at all, it must be valid for all of its terms, including the proportion agreed upon by the parties. Where the contract is attacked for oppression or unfair advantage, the amount of the fee may then be one of the circumstances to be considered by the jury in deciding whether the contract shall be stricken down or shall stand. But where, as in the case now before the court, there is not a particle of evidence to show that the defendant took advantage of the plaintiff in any way, or obtained the contract by threat or persuasion,—in other words, where the contract to pay cannot be successfully attacked,—I see no ground upon which the question, how much would ordinarily be reasonable compensation? could be sent to a jury. This would be, in effect, to set the contract aside altogether; for the court could do no more, if there had been no express agreement between the parties at all.

It is also said that the plaintiff was not acquainted with the contents of the paper, because it is written in English, and was not explained to him, while he is a Swiss, and unable to speak or read the English language. This is based upon a sentence or two in his testimony which refers to a different paper, the receipt for his share of the money, as is perfectly plain from the context. But, even if it be true that the contents of the power of attorney, which contains the agreement for the fee, were not made known to him when it was presented for his signature, it was his duty to insist that it should be read and explained before he signed it. He does not assert that his signature was obtained by either threats or improper persuasion or falsehood; and consequently, as has been many times decided, being a man of ordinary

intelligence, in possession of his senses, he was bound to take ordinary care of his own interest, and such care required him to refrain from signing a paper unless he knew its contents: Burrill v. Bank, 92 Pa. 134, 37 Am. Rep. 669. If he voluntarily signed the power of attorney without knowing what it contained, he must take the consequences, unless he was tricked or wheedled or coerced, and of this there is no evidence.

The motion for a new trial is refused.