BOYLE v. BOYLE.

(Circuit Court, E. D. Pennsylvania. June 16, 1902.)

1. PARTITION—DISTRIBUTION OF PROCEEDS OF PROPERTY — ENFORCING AGREE-
MENTS FOR ATTORNEYS' FEES.

> An agreement by certain heirs of a decedent to pay a contingent fee
> for services to be rendered in a suit for partition does not create an
> equitable interest in the property or a lien upon it, and the court
> cannot undertake to enforce such agreement in the partition suit, on
> distribution of the proceeds of the property, or to determine its validity.

In Equity. Exceptions to master's final report in partition. See 114 Fed. 517.

John G. Johnson, for exceptant.

R. Stuart Smith and H. W. Scarborough, opposed.

J. B. McPHERSON, District Judge. Whatever may be said concerning the validity of the contracts made by the exceptant with several of the heirs,—whether they are champertous, under Peck v. Heurich, 167 U. S. 624, 17 Sup. Ct. 927, 42 L. Ed. 302, or are merely for contingent fees, and whether, in either aspect, they can be enforced, —it is clear to my mind that the controversy cannot now be brought before the court. This is a proceeding in partition, in which the respective interests of the parties have been determined, the property has been sold, and the master has reported a decree distributing the fund to those persons who were found to be owners of the realty. No doubt it would have been necessary for him to decide any dispute that might have been presented by two opposing claimants to the same share, but he was right, I think, in declining to pass upon the effect of these contracts, made between a third person and certain of the owners; the only relation of the contracts to the fund being that they concern, incidentally, the real estate that produced it. The heirs deny the validity of the agreements, and it is conceivable that the controversy might present questions of fact, which either party might be entitled to have submitted to a jury. But, in any event, I do not think that the exceptant has any better right to be heard now than a creditor of one of the heirs, who should present an account for goods delivered, and ask to be paid out of the fund. The exceptant's services did not produce this fund, and I am unable to accept the theory that, by virtue of his contracts and subsequent services, he acquired either an equitable interest in the land, or an equitable lien upon it. Considering his agreement to bear part of the expenses of the litigation, it might be dangerous, under the doctrine of Peck v. Heurich, to hold that he had acquired an interest in the subject-matter of the suit; and I am not aware of any authority to support the proposition that an agreement for a contingent fee gives an equitable lien upon the land that may be the subject of the agreement. The learned master's report is in all respects satisfactory, and it is now decreed that the fund be distributed in accordance with the scheme that he has presented.