PLATTNER IMPLEMENT CO. v. INTERNATIONAL HARVESTER CO. OF AMERICA.

(Circuit Court of Appeals, Eighth Circuit. November 11, 1904.)

No. 2,097.

1. FACTOR'S LIEN IMPLIED BY LAW.
   A lien is implied by law, without any agreement between the parties, upon all the goods in the hands of a consignee, who is given the power to sell them, for the advances he makes for his consignor in conducting the business of his agency.

2. PRACTICE—JUDGES OF CO-ORDINATE JURISDICTION SHOULD NOT OVERRULE EACH OTHER'S DECISIONS.
   The various judges who sit in the same court should not attempt to overrule the decisions of each other, especially upon questions involving rules of property and practice, except for the most cogent reasons.

3. SAME—RULE INAPPLICABLE TO APPELLATE COURT.
   The foregoing rule is inapplicable to the appellate courts, whose duty it is to decide every question according to the law and the facts.
   Nor does it deprive the aggrieved party of the right to review and reverse a ruling which follows an erroneous decision of another judge, but it leaves the case in the same situation in which it would have been if the judge who rendered the first decision had made the rulings which followed it.

4. TRIAL—EVIDENCE—ERRONEOUS REJECTION—PRESENTATION OF ALL EVIDENCE NOT REQUISITE.
   The rejection of competent evidence to sustain a cause of action or defense, on the sole ground that no evidence in support of it is admissible is not less erroneous because all the evidence requisite to sustain the cause of action or demand was not presented.

5. SAME—LITIGANT PROCURING RULING THAT NO EVIDENCE ADMISSIBLE MAY NOT SUSTAIN BECAUSE EVIDENCE INSUFFICIENT.
   One who has induced a court to exclude competent evidence of his opponent upon the sole ground that no evidence in support of the latter's claim is admissible may not sustain that ruling on the inconsistent ground that his opponent did not go through the useless form of offering to prove all the facts requisite to sustain his claim.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

R. D. Thompson (John M. Waldron, on the brief), for plaintiff in error.

Fred R. Wright (Charles D. Hayt, on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and LOCHREN, District Judge.

SANBORN, Circuit Judge. The facts material to the determination of this case are few and simple. The International Harvester Company, a corporation, brought an action of replevin against the Plattner Implement Company to recover the possession of certain agricultural implements and parts of implements. It alleged that it was the owner of this personal property, that it had demanded possession of it, and that the defendant retained it. By its answer the Plattner Company presented, among others, these three defenses: (1) That one of the mowers was sold and delivered by the harvester company, then its owner, to Nels Nelson, in October, 1902, and that the defendant had the possession of it for Nelson, and not for the plaintiff. (2) That the plaintiff obtained its title to all the property from the Plano Manufacturing Company, a corporation, in October, 1902; that the Plattner Company had received this property from the Plano Company as its commission sales agent; that at the request of the Plano Company it had advanced and paid on account of freight on goods thus delivered to it, while it was sole agent authorized to receive and to sell the property, $5,306.54, and that it had a factor's lien upon the implements in its possession for this amount. (3) That the plaintiff was indebted to the Plattner Company in the sum of $200 for storage of the goods, and that it had a lien upon them for this sum. A general demurrer was interposed to this answer, which was sustained by the resident district judge. In deciding the questions presented by the demurrer the judge expressed the opinion that, as there was no agreement between the parties to the effect that the defendant should have liens for the amounts it expended for freight and storage, none could be implied. After the order which sustained the demurrer was filed, the defendant made an amended answer, in which it pleaded its three defenses again. The plaintiff filed a reply to this answer. There was a trial before a jury and the district judge of another district, who was temporarily holding the court, and the latter judge instructed the jury to return a verdict for the defendant for the mower owned by Nelson, and for the plaintiff for the remainder of the property.

In the course of the trial one of the counsel for the defendant, for the purpose of proving its lien, inquired of a witness how much freight the defendant paid upon Plano machines in the years 1900 and 1901. An objection was made to this question upon the ground that the resident judge had decided on the hearing upon the demurrer that the defendant could acquire no lien for his advances for freight without an express agreement to that effect, and this

objection was sustained. Counsel for the defendant offered to prove the facts which they had pleaded regarding the alleged liens for freight and storage, but like objections to this evidence were interposed and sustained. These rulings are assigned as error.

The order which sustained the demurrer was erroneous (1) because the facts that Nelson's mower had been sold by the Harvester Company, its former owner, to him, and that it was held by the implement company for him, was a complete defense to the plaintiff's action to recover that machine, and (2) because a lien in favor of a factor is implied by law, without an express agreement between the parties, upon all the goods in the hands of a consignee who is given the power to sell them for the advances which he makes for his consignor in conducting the business of his agency. Nagle v. McFeeters, 97 N. Y. 196, 202; Williams v. Tilt, 36 N. Y. 319; Kruger v. Wilcox, 1 Ambler, 252, 254; Green v. Farmer, 4 Burr, 2214, 2218; Lickbarrow v. Mason, 6 East, 21, 28; 1 Jones on Liens, § 418.

The order sustaining the demurrer, however, has not been assigned as error for the obvious reason that the defendant waived its right to review the ruling it embodied by filing an amended answer, which again pleaded the three defenses which the decision sustaining the demurrer held to be unavailing. It is now contended that the ruling of the trial judge was right, because he was bound by the prior erroneous opinion of the resident judge upon the legal question whether or not a factor's lien may arise, without an agreement of the parties, on account of the rule announced in Shreve v. Cheesman, 69 Fed. 785, 791, 16 C. C. A. 413, 418. That rule is "that the various judges who sit in the same court should not attempt to overrule the decisions of each other, especially upon questions involving rules of property or of practice, except for the most cogent reasons." It is not unworthy of notice that the judge who tried the case below did not treat this rule as so imperative that he thought it necessary to follow it in the disposition of the defense relative to the Nelson mower, but he directed a judgment for the defendant upon that defense, although the resident judge had previously sustained a demurrer to it as decisively as to the defenses founded upon the alleged liens. On the other hand, he followed the rule in Shreve v. Cheesman in the trial of the latter defenses, and refused to receive any evidence in support of them. This course of proceeding is undoubtedly explained by the fact that no objection was made to the evidence in support of the former defense, while objections were persistently urged to testimony which tended to sustain the latter. The rule in Shreve v. Cheesman is a rule of comity and of necessity. For obvious reasons it applies with especial force to decisions which constitute rules of property and of practice, and by its terms it permits the "most cogent reasons," such as a certainty that a previous ruling was erroneous, that no conflict would arise and no injustice would result from disregarding it, to present exceptions to it. But the rule itself, and a careful observance of it, are essential to the prevention of unseemly conflicts, to the speedy conclusion of litigation, and to the respecta-

ble administration of the law, especially in the national courts, where many judges are qualified to sit at the trials, and are frequently called upon to act in the same cases. It is unavoidable that the opinions of several judges upon the many doubtful questions which are constantly arising should sometimes differ, and a rule of practice which would permit one judge to sustain a demurrer to a complaint, another of co-ordinate jurisdiction to overrule it and to try the case upon the theory that the pleading was sufficient, and the former to then arrest the judgment, upon the ground that his decision upon the demurrer was right, would be intolerable. It has long been almost universally observed. The reasons for it and the authorities in its support were stated at some length in the opinion in Shreve v. Cheesman, and the judge who tried this case did not render himself obnoxious to any just criticism because he followed and applied it.

The rule, however, prevails only among judges of co-ordinate jurisdiction. It has no application in an appellate court, whose duty it is to review the decisions of the questions of law which were rendered by the inferior courts, and to decide them according to the law and the facts. Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 490, 20 Sup. Ct. 708, 44 L. Ed. 856. Nor does this rule deprive the party aggrieved of his right to review a wrong ruling because it is a repetition by a judge of co-ordinate jurisdiction of a previous erroneous decision of another judge in the same case. The effect of the rule in such a case is to leave the litigants in exactly the same situation in which they would have been if the judge who rendered the first decision had also made the rulings which followed it. In the case at bar its effect is to leave the plaintiff in error the same right to review and reverse the rulings of the judge who tried the case that it would have had if the action had been tried, and if those rulings had been made by the judge who sustained the demurrer to the answer. The ruling which excluded the evidence of the liens claimed by the Plattner Company was erroneous and prejudicial. It was subject to objection, exception, and review, and it necessitates another trial of this case.

The contention of counsel for the Harvester Company that the ruling of the trial judge which has been discussed is not available to reverse the judgment, because there was evidence on the part of the plaintiff that the defendant made no claim of the liens, and that it therefore waived them when the International Company demanded the goods and the Plattner Company offered no proof to the contrary is not tenable. The testimony which the defendant offered to sustain its liens was competent and material for that purpose. The plaintiff objected to it on the ground, not that the Plattner Company did not prove or offer to prove that it had not waived its liens, but that no evidence whatever in support of its claims for the liens was admissible, and the court sustained that objection. It is no answer to a challenge of the rejection of competent evidence to sustain a cause of action or defense upon the ground that no evidence is admissible in support of it that all the evidence requisite to establish it was not presented or rejected. Peck v.

Heurich, 167 U. S. 624, 629, 17 Sup. Ct. 927, 42 L. Ed. 302; Shepherd v. Baltimore, etc., Railroad Co., 130 U. S. 426, 434, 9 Sup. Ct. 598, 32 L. Ed. 970. Moreover, the ruling of the court below that no evidence in support of the alleged liens was admissible was procured by the plaintiff, and that ruling prevented the defendant from proving, and probably induced it to omit to offer to prove, that it had not waived its liens. A litigant may not defeat his opponent because the latter has omitted to do that which the former has made it impossible or futile for him to perform.

The judgment below must be reversed, and a new trial granted, and it is so ordered.