TOLEDO RY. & TERM. CO. v. BRIDGET MEINEN.

1. DIFFERENCE IN VALUE OF PROPERTY BEFORE AND AFTER ALLEGED INJURY MEASURE OF DAMAGES, WHEN.

The measure of damages, in an action by a property owner under Lan. R. L. 5239 (R. S. 3283), against a railroad company to recover for injuries resulting to her property from cinders, noise, and smoke, is the difference in the value of the property before and after the alleged injury.

2. PROPERTY SITUATED WITHIN FIFTY FEET OF RAILROAD WITHIN MEANING OF LAN. R. L. 5239 (R. S. 3283).

Property situated within fifty feet of that part of a street on which a railroad is built and operative is "near to" the same within the meaning of Lan. R. L. 5239 (R. S. 3283) and the owner of such property is

Railway v. Meinen.

entitled to recover for injuries thereto sustained from cinders, smoke, noise, etc., arising from' the operation of the road within the limits of such street at that distance from said property.

ERROR to Lucas common pleas court.

**King & Tracy,** for plaintiff in error.

**Kohn & Northup,** for defendant in error.

## HAYNES, J.

This case was brought in the court of common pleas by Bridget Meinen against the Toledo Railway and Terminal Company. The petition sets forth that the plaintiff was the owner of lot 25 Machen's Addition to Ellenboro, East Toledo; that on lot 25 she had erected a building that was to be used as a boarding house, containing seventeen rooms, with several sleeping rooms on the second floor, and living rooms on the first floor. Lot 25 is bounded on one side, the easterly side, by an alley and on the southerly side by Pratt street; it is triangular in shape and runs out to a point of the alley and Pratt street. The house that was built on this lot fronted on this corner and extends across the corner from the alley to Pratt street and leaves a little triangle in front or a sort of a yard and faces towards the east. It is a distance of forty-seven or forty-eight feet from the line of the railway on the northerly corner and on the southerly side it is forty-nine or fifty feet. The line of the railroad comes around in that neighborhood and then there is a spur to the blast furnace, so called; and this extends around to the north side of this property a distance, as I have said at the northeast corner of the house forty-seven and seventy-five hundredths feet; that by reason of the operation of its cars upon this spur also upon the main track, the property is greatly injured by cinders, sparks, smoke and noise.

The case was tried to a jury before Judge Reed, of Sandusky, and there is a great volume of evidence. The case was very troublesome to try, so far as the witnesses were concerned, in propounding the questions to them and getting the answers, for the court said, as it should do, it would confine the damages to the injuries sustained, to the point where the railroad crosses Pratt street and confine them to such injuries as were not suffered in common with all the country thereabouts. In taking the testimony the questions were put mainly as to the value of the property before and after the operation of the railroad, and confined as far as possible to the crossing of Pratt street.

It is claimed on behalf of the railway company that this theory of the injury, the questions put to the witnesses, was all wrong. Objec-

14 O. C. C. Vol. 27

tion was made to the form of the questions; and they contend here that the questions should not have been put in that form; as I understand the brief of counsel, they claim that the questions as to the effect of the operating the road by the place should be confined to the facts as to what was done and to the noise, smoke, sparks and cinders,—the injuries; that then the jury should find a verdict from those facts.

But we think the law of this case is well laid down in the case cited, *Railway* v. *Gardner,* 45 Ohio St. 309 [13 N. E. Rep. 69], a case which was practically followed and approved by the Supreme Court of the United States in a case brought under the same law, *Shepherd* v. *Railway,* 6 O. F. D. 322 [130 U. S. 426; 9 Sup. Ct. Rep. 598; 32 L. Ed. 970], decided in 1888; that form of question is approved and the rule is laid down. It is practically the difference in the value of the property before and after the alleged injuries.

Now the plaintiff below produced, I think, three witnesses; and the defendant below produced about a like number, and these questions in this form were put to the witnesses; and we think they were put with proper limitations and with proper care by counsel. It is difficult to get a witness to understand and answer specifically touching the injuries that would result from crossing Pratt street, and to not include the injury that would result from operations either side of Pratt street; for virtually there is the same injury to the property from operations on either side of Pratt street. And some of the witnesses do not attempt to decide that; they said they would give the whole injury and let the court divide it up; that they could not do it. I think the highest estimate put by anyone on the damage to the property from operations in the street was $1,000. I think one of the witnesses estimating the damages arising on either side of the street placed it at $1,250; another witness placed it as low as $100—some $200 and $300. It is quite evident that the damages from the operation of the road in Pratt street are not $1,000, as testified to by the witness, when the estimate that the witnesses placed on the value of the whole property was only $3,000. Only a small portion of the damage results from operations in Pratt street, and the whole damage, if that ratio were maintained, would eat up the property and have something to spare.

The truth is, that the damage was not as great as that witness placed it, or attempted to; and we think, after giving the matter very careful attention, that the highest damage that should have been awarded, or could properly have been awarded by the jury in favor of the plaintiff below was $250, considering the value of the property, and estimating the proportion that Pratt street ought to bear of those damages as compared with the whole of the property.

Railway v. Meinen.

Now this woman built her house in that section of the country, for the purpose of having boarders from the railway companies. They were not a great ways from the Lake Erie shops, and there were other institutions and manufactures down there; they were in a district of that kind; in a district where it was expected in the ordinary course of business there would be smoke and noise, those various elements of which she complains from the use of this railway.

Some objection is made to the charge of the court. Now we think the charge to the jury was very full, and fairly stated the law and was carried forward with great care on the part of the court, and kept within the decisions of the higher courts. It was difficult to explain. One of the difficulties that arose was from the failure of the witnesses to comprehend the subject, and another difficulty was, that the jury when they came to put on the damages that have been caused by the operation of the railroad, estimated it without stopping to pay much attention to the rule of law as laid down to them by the court, requiring them to consider only the damage resulting from the operation of the road in the street.

Now as a result, we have come to this conclusion in this case: If the plaintiff will remit the damages down to $250, the verdict may stand; otherwise the verdict will be set aside as being excessive and the judgment reversed.

I omitted perhaps to state one point in the charge that was objected to, that the court stated that this property was so near to the railroad that it came within the statute, Lan. R. L. 5239 (R. S. 3283). We think under the circumstances that the charge was proper enough, because it is so near, on the whole testimony as to justify the charge that as a matter of law it was "near to" the railroad, within the meaning of the statute. A judge of the Supreme Court of the United States, Harlan, has decided and laid down the general rule for that court, that if the property was so near the railway that it could or did receive injuries from the operation of the road in the form of cinders, smoke, or matters of that kind, they were entitled to recover; and the evidence here is, that it was within a distance of fifty feet—less than that. It was proper for the court to say that the distance was such and that it was within the statute.

**Hull** and **Parker, JJ.,** concur.