# SCOTT *v.* HERRELL.

---

PROOF OF FOREIGN WILL; EVIDENCE; DECLARATIONS AS TO PEDIGREE; APPEAL AND ERROR; EJECTMENT.

1. Where the register of wills of a foreign court, duly authorized by law as keeper of wills, certifies that a certain paper is a true and full

copy of a certain will probated in such court, and duly signs such certificate and affixes the seal of the court; and where the judge of such court certifies that such attestation is in due form and by the proper officer, and where the register of wills certifies that such judge was duly commissioned and qualified, there is a sufficient compliance with sec. 1071, D. C. Code [31 Stat. at L. 1358, chap. 854], relating to the proof of foreign wills.

2. The law resorts to hearsay evidence in cases of pedigree upon the ground of the interest of the declarant in the person from whom the descent is made out, and his consequent interest in knowing the connection of the family. (Following *Smith* v. *Cosey*, 26 App. D. C. 569.)

3. An attorney who is not related to a certain family, who knows personally but one member of such family, and who has represented several of the heirs in litigations, and has corresponded with others, is not competent to testify as to the pedigree of such family.

4. A judgment cannot be affirmed upon a ground not taken on the trial, unless it is made clear beyond doubt that this will not prejudice the rights of the appellant.

5. A plaintiff in ejectment must show that he has legal title to the land and the right of possession, and must therefore prove that the land has been granted by the State, or that both parties claim title from the same common source. (Citing *Anderson* v. *Reid*, 10 App. D. C. 429.)

No. 1599. Submitted February 12, 1906. Decided May 1, 1906.

HEARING on an appeal by the plaintiffs from a judgment of the Supreme Court of the District of Columbia in an action of ejectment.      *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. John E. Roller* and *Mr. Milton Strasburger* for the appellants.

*Mr. Irving Williamson* for the appellees, Herrell and O'-Neill.

*Mr. W. Mosby Williams* for the appellee, the Capital Syndicate Company.

Mr. Justice McComas delivered the opinion of the Court:

In this action of ejectment, Leander and William L. Scott, appellants, sought to recover each an undivided one-third interest for life, and Julian F. and Corinne L. Scott together sued for an undivided one-third interest in fee simple in lots 7 and 8 in square 1107 in Washington.

Henry A. Herrell and John F. O'Neill, trading as H. A. Herrell & Company, were sued for lots 7 and 8, and the Capital Syndicate Company was made defendant as to lot 7 only. At the close of the plaintiffs' case, the court below instructed the jury to return a verdict for the defendants.

The record does not enable us to consider several interesting questions discussed by counsel. We will decide the questions necessary to be disposed of.

In *Peck* v. *Heurich,* 167 U. S. 624, 42 L. ed. 302, 17 Sup. Ct. Rep. 927, which was an action of ejectment, the plaintiffs gave in evidence a deed from one Bradley to Ann Bartlett, and said in open court that they proposed to prove the fact that the plaintiff and the defendant traced their respective titles to the land in controversy from Ann Bartlett as a common source of title, and the defendant denied that fact. The plaintiff then introduced a certain deed, and, upon the court's ruling it out as void for champerty, rested their case and appealed. Upon the final appeal, the Supreme Court said: "It was more respectful to the presiding judge, and sufficient to preserve the plaintiffs' rights in the appellate court, to take the course which they did, of resting their case, and taking an exception to the exclusion of evidence without which they could not possibly recover." 167 U. S. 629, 42 L. ed. 304, 17 Sup. Ct. Rep. 927.

In this case it became necessary for the plaintiffs to introduce the will of James W. Scott, without which the continuity of the plaintiffs' title, even from the common source, was broken. The court below refused to admit it. We need not follow counsel in their discussion of the act of Congress of July 9, 1888 [25 Stat. at L. 246, chap. 597], nor consider the 10th section of the act of 1898 (30 Stat. at L. 434, chap. 394, 2 U. S. Rev. Stat. Supp. 774). Section 1071 of the District

Code [31 Stat. at L. 1358, chap. 854], referring to the laws of a state, territory or country, where a will is admitted to probate, provides that a "copy of any will, which such laws require to be admitted to probate, and record by judicial decree, and of the decree of the court admitting the same to probate and record under the hand of the clerk, or other keeper of such record, and the seal of the court or office in which such record has been made, shall be good, and sufficient prima facie evidence to prove the existence and contents of such deed or will,   *   *   *   and that it was executed as it purports to have been."

The plaintiff offered a paper purporting to be a copy of the will of James W. Scott of Baltimore city, among other things devising all of his real estate, dated August 22d, 1868, and attested by three witnesses; the proof on February 10th, 1869, of such last will of James W. Scott by the three subscribing witnesses, sworn to in open court, and tested by J. Harmon Brown, register of wills for Baltimore city; then the entry of action of the orphans' court of Baltimore city, which recites that the orphans' court, having examined the above last will of James W. Scott, deceased, and the evidence adduced as to its validity, orders and decrees, February 10th, 1869, that the same be admitted to probate as his last will. The judges signed the order.

On June 13, 1890, Robert T. Banks, register of wills, and by law keeper of all wills and of the seal and records of the orphans' court for Baltimore city, certifies that the aforegoing is a true and full copy of the last will of James W. Scott, and the proofs and probate thereof taken from the records kept in the office of the register of wills for Baltimore city; and Robert T. Banks signed as register of wills for Baltimore city, and affixed the seal of the orphans' court and register of wills. George W. Lindsay, presiding judge of the orphans' court for Baltimore city, certifies that the aforegoing attestation of Robert T. Banks, register of wills, is in due form and by the proper officer, and Robert T. Banks, register of wills, certifies that Lindsay, by whom the above certificate was given and who subscribed his name thereto, was at the time of so doing chief judge of the orphans' court of Baltimore, duly elected, commissioned, and qualified, and on the same day Robert T. Banks,

register of wills, subscribes this certificate and affixes the seal of the orphans' court and of his office.

In our opinion this is a full compliance with the requirements of § 1071 of our Code. It was conceded in argument on both sides that the will of Scott was such as was required to be admitted to probate and record, and that the decree of the orphans' court was in conformity with the law of Maryland, and that the orphans' court was the proper court having jurisdiction, and that the register of wills was the clerk thereof and keeper of the original wills and seal and records of that court.

We construe this to be a certification of the original will by the officer who is its legal custodian, and of the proofs and probate of said will from the records in the office of the register of wills, and that Robert T. Banks, register of wills, has certified to the aforegoing effect under his hand and under the seal of the orphans' court of Baltimore city, which admitted the will to probate and record; and further, the chief justice of that court certifies that the attestation of Banks, register of wills, is in due form and by the proper officer, and Banks certifies that Lindsay was at that time the chief judge of the orphans' court.

We conclude that this copy of the will and these proceedings so certified fully comply with the requirements of the Code, and this evidence should have been admitted by the court below. Appellees' counsel object that this is only a certification of a copy of a copy of the will. We are bound to make a sensible construction of the certificate of Robert T. Banks. He was the custodian by law of the original will, and he certifies "that the aforegoing is a true and full copy of the last will of Scott;" and he further certifies that the matter appended is a true and full copy of the proofs and probate thereof. Not only is it a copy of the original will by the custodian of the original, but it is also a copy of the decree of the orphans' court admitting the same to probate and record, and it is certified by the keeper of the records under the hand of the keeper of such record and under the seal of the court and also the seal of the office in which such record was made, with the added solemnity of additional

certification not required by § 1071; and therefore, according to that section, we hold that the papers we have described, which were proffered, should have been admitted, and would have been good and sufficient prima facie evidence to prove the existence and contents of such will, and that it was executed as it purports to have been. The objection on the part of the appellees is unsound. This ruling of the court below was such material error that the judgment below in favor of the appellees must be reversed on account of it.

Certain equity proceedings of partition were admitted, and thereupon John E. Roller testified to the relationship of various members of the family of James W. Scott. We think that the court rightly refused to permit the witness, who was in no wise related to the Scott family, and knew personally but one member of the family, because he had represented the heirs of James Ward Scott, one of the heirs of John W. Scott, and because he had represented certain of them in other litigation, and because he knew enough to give the names and addresses of all of them to a great many attorneys, and had corresponded with them, to proceed to testify that the plaintiffs in this case were the heirs at law and the sole devisees of James W. Scott. In the case of *Smith* v. *Cosey,* 26 App. D. C. 569, this court said: "Such testimony illustrates the value of the well-settled rules. 'The law resorts to hearsay evidence in cases of pedigree, upon the ground of the interest of declarants in the person *from whom the descent is made out,* and their consequent interest in knowing the connection of the family.' * * * And further says: 'But the declarations of a person belonging to another family—such person claiming to be connected with the family only by intermarriage of a member of each family— rests upon a different principle. A declaration from such a source, of the marriage which constitutes the affinity of the declarant, is not such evidence *aliunde* as the law requires.' *Blackburn* v. *Crawford,* 3 Wall. 187, 18 L. ed. 191. And again, as Justice Cox said in *Anderson* v. *Smith,* 2 Mackey, 281: 'Some degree of evidence is required; otherwise a mere stranger, by claiming alliance with a family, might assume the power of

materially altering the rights of its several branches by making statements in his lifetime respecting them.' "

The appellees' counsel argue other propositions. The record does not fully disclose the proceedings which would enable us to consider such objections; and beside, no exceptions respecting such questions are before us on this appeal. As was said in *Peck* v. *Heurich, supra,* "a judgment cannot be affirmed upon a ground not taken at the trial, unless it is made clear beyond doubt that this could not prejudice the rights of the plaintiff in error."

It appears to us, upon a new trial the appellants must rely upon their proffer to prove a common source of title. The appellees say the appellants and those under whom they claim never had possession. The rule in Maryland and in this District, to maintain ejectment, was sought to be followed by the appellants, and the appellants must show that they had legal title in the land and the right of possession; wherefore, they should first show that the land had been granted by the State; failing that, they should show that both parties claim title from the same common source. See *Anderson* v. *Reid,* 10 App. D. C. 429.

The judgment must be reversed, with costs, and the case remanded for further proceedings not inconsistent with this opinion, and it is so ordered.                    *Reversed.*