## In re Leibowitz et al.

*Herman N. Silver* and *William S. Furst*, for petitioners.

*Sigmund H. Steinberg*, for bankrupt.

KIRKPATRICK, Dist. J., Jan. 9, 1931.—In general, a contract the purpose and effect of which is to encourage litigation is against public policy. More

specifically, the speculative purchase by a third person of a claim in litigation, after terms of settlement have been agreed upon by the parties, the purpose and effect of which purchase is to keep the lawsuit alive, is champertous and void. Granted that much of the law of champerty has been outgrown and discarded, the principles above stated are in accord with a sound public policy and adapted to modern conditions.

In this case, the parties to pending litigation were not only desirous of settling for a compromise figure, but had actually agreed to do so and had fixed the amount. The claim was against a bankrupt estate, and the consummation of the settlement was delayed because the trustee required authority from the referee. With matters in that posture, the attorney who had conducted the suit for the claimant (and who had been discharged and superseded by another attorney) arranged for the purchase of the claim by his wife, paying his former client the amount of the settlement which had been agreed upon with the trustee. Thereafter he continued to prosecute the suit for the assignee (his wife) and finally won it before the Circuit Court of Appeals, which court directed that the claim be allowed as a preference in the full amount. When his wife presented the assigned claim to the referee, it was disallowed. Under the principles stated above, I think the referee was clearly right.

It is no answer to say that the purchase was for the protection of the attorney's fee. It may be that that was the motive, but the fact remains that the effect, as well as the primary purpose, was to frustrate an amicable settlement, procure a breach of an agreement (possibly not legally binding) and keep alive for the benefit of a stranger litigation which had become moot so far as the real interests of the parties to it were concerned.

It may be conceded that there is in the case no element of overreaching or presumptive fraud arising out of the confidential relation of attorney and client. That, however, does not affect the situation. The rule which invalidates this assignment has nothing to do with the relation of attorney and client, but arises from the general policy of the law which favors the amicable settlement of litigation, and which forbids traffic in lawsuits as involving a perversion of the proper function of the courts. I would not hesitate to hold the assignment void were the assignee a total stranger who had entered the transaction solely to make money for himself. Admittedly, however, it was engineered by the former attorney in the suit primarily for his benefit While he no longer stood in a confidential relation toward his former client, he was still an officer of the court. In Sampliner v. Motion Pictures Patents Co., 255 Fed. 242, the court pointed out the impropriety of attorneys speculating in lawsuits. In that case the relation of attorney and client existed, but the decision is based not so much upon the attorney's relation to his client as upon his relation to the court. The court said: ". . . even if there is a full and honest disclosure to the client, there are strong reasons which should forbid the purchase . . . it is none the less an impropriety for an attorney, who is an officer of the court and a minister of justice, to speculate in the suits of his client. It would tend to impair public confidence in the profession and in the administration of justice itself." Whether the wife in this case took a real interest by the purchase or whether her ostensible connection was nothing but a subterfuge is wholly immaterial.

The assignee thus must make out her title through a champertous assignment. Such an assignment gives no rights. In Peck v. Heurich, 167 U. S. 624, the court held that a deed appearing on its face to have been made to carry out a champertous agreement passed no title. The same is true of an

assignment. The case cited is not in conflict with Burnes *v*. Scott, 117 U. S. 582. In the latter case the champertous agreement was merely incidental, relating. to the prosecution of the suit, and was not the foundation of the plaintiff's title.

The orders of the referee are affirmed.