## CRAMER *v*. MACK.

*(Circuit Court, S. D. New York. April 22, 1882.)*

1. REMOVAL OF CAUSE—TERM AT WHICH CAUSE COULD BE FIRST TRIED.
    Where issue had been joined by the service of an answer, which answer did not require a replication, and the cause was noticed for trial and placed on the calendar, but within the time allowed by the Code of Practice defendant served an amended answer, the exercise of that right did not enlarge his time for removal, and a motion to remove after that term is too late.

2. PRACTICE—AMENDED PLEADINGS.
    An amended pleading, unless stricken out by the court, supersedes the original, and nullifies a notice of trial which may have been served by the adverse party before the amendment.

WALLACE, C. J. The motion to remand this action to the state court presents the question whether this cause could have been tried at the January term of the court of common pleas for the city and county of New York, within the meaning of that clause of the removal act of March 3, 1875, which requires the petition for removal to have been filed "before or at the term at which said cause could first be tried." If the cause could have been tried at that term the petition was filed too late, and the motion to remand must prevail.

Issue had been joined by the service of an answer to the plaintiff's complaint, which answer did not require a replication. Thereupon

the plaintiff noticed the cause for trial and placed it on the calendar in due season for the January term, but within 20 days from the service of the original answer the defendant served an amended answer. After this term of the state court the defendant filed his petition for removal. By the practice in this state, within 20 days after a pleading is served it may be once amended, as of course, subject to the right of the opposite party to have the amended pleading stricken out by the court if it is made to appear that the amendment was for the purpose of delay, and that the benefit of a term will be lost thereby. The amended pleading, unless it is stricken out by the court, supersedes the original pleading, and nullifies a notice of trial which may have been served by the adverse party before the amendment. The right to amend is not *per se* a stay of proceedings, and if the cause has been noticed for trial the party who noticed it may bring on the cause; and if it is reached before an amended pleading is served, the cause may be tried, and thereafter an amendment is of no avail.

It was obviously the intention of the removal act to preclude a party from resorting to the expedient of a removal in order to deprive his adversary of the opportunity to try the cause, and the decisions in construction of the act are to the effect that a party loses his right to remove if he permits the term to pass at which he could have placed the cause in a position to be tried upon the merits if he had conformed to the rule of practice of the state court. When there is an issue which, by the practice of the court, can be brought to trial, the cause is triable; and if noticed for trial the court can entertain it, and it matters not whether the parties are otherwise ready for trial or not, or whether the court will see fit to entertain the trial or not. *Gurnee* v. *County of Brunswick,* 1 Hughes, 270; *Ames* v. *Colorado R. Co.* 4 Dill. 261; *Scott* v. *Clinton, etc., R. Co.* 6 Biss. 529.

In *Knowlton* v. *Congress & Empire Spring Co.* 13 Blatchf. 170, it was held that where either party could notice the cause for trial at a term, that term must be considered the term at which the cause could be first tried; and in *Forrest* v. *Edwin Forrest Home,* 17 Blatchf. 522, Judge Blatchford held that the defendant lost his right to remove when, the cause being at issue and triable on the merits, he might have noticed it for trial. Other decisions intimate a severer rule, and hold that if the cause could have been triable if the party seeking to remove had used due diligence in progressing the cause, the term at which it could have been ready for trial is the term intended by the act.

The present cause was triable at the January term of the state court. The defendant had the power and the right to defeat the trial by serving an amended answer. The exercise of that right did not, however, enlarge his time for removal. There was an issue which it was competent for either party to bring to a hearing, and which the plaintiff sought to bring to a trial. The plaintiff was prevented from trying the cause by the act of the defendant. It does not avail the defendant that the practice of the court gave him the right thus to defeat the plaintiff from trying the cause.

The motion to remand is granted.