SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD v. JACKSON.

(Circuit Court of Appeals, Eighth Circuit. October 9, 1899.)

No. 1,169.

APPEAL—ASSIGNMENTS AND SPECIFICATIONS OF ERROR—ENFORCEMENT OF RULES OF COURT.

Under rule 11 of the circuit court of appeals for the Eighth circuit (31 C. C. A. cxlvi., 90 Fed. cxlvi.), requiring assignments of error to "set out separately and particularly each error asserted and intended to be urged"; and rule 24 (31 C. C. A. clxiv., 90 Fed. clxiv.), requiring the brief of the plaintiff in error or appellant to contain a specification of errors relied upon, which, in cases brought up by appeal, shall state "as particularly as may be in what the decree is alleged to be erroneous,"—an assignment

and specification of errors in an equity case which, in effect, only charge that the decree was erroneous in being for the wrong party, and suggest none of the questions of fact or law argued in the brief, will be disregarded, and the appeal dismissed.

Appeal from the Circuit Court of the United States for the Southern District of Iowa.

H. C. Brome (A. H. Burnett, on the brief), for appellant.

C. C. Nourse (C. L. Nourse, on the brief), for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. May E. Jackson, the beneficiary named in a certificate of membership issued by the Sovereign Camp of the Woodmen of the World to her husband, D. Fay Jackson, exhibited a bill in the court below to recover the amount payable to her upon the death of her husband, according to the terms of the certificate, and to compel the officers of the camp to levy the necessary assessment upon its members, and to collect and turn over to her the proceeds thereof in payment of the sum due under the certificate. The Sovereign Camp alleged that the certificate had become void by its terms before Jackson died, because he had failed to pay his dues and assessments, and because many months before his death he became addicted to the excessive use of opiates and intoxicating liquors to such an extent as to permanently impair his health and to cause his death. Evidence was taken and presented to the circuit court, which covers 180 printed pages of the record before us, and upon the final hearing the court rendered a decree for the relief sought by the bill. Before the case came to a hearing in this court a motion was made to dismiss the appeal because the assignment of errors was insufficient, and that motion and the argument upon the merits of the case were heard together. The motion to dismiss will first be considered. The following excerpts from the rules of this court disclose the ground of the motion:

Rule 11 (31 C. C. A. cxlvi., 90 Fed. cxlvi.):

"The plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. * * * When this is not done, counsel will not be heard, except at the request of the court; and errors not assigned according to this rule will be disregarded; but the court, at its option, may notice a plain error not assigned."

Rule 24 (31 C. C. A. clxiv., 90 Fed. clxiv.):

"* * * This brief [of counsel for the plaintiff in error or appellant] shall contain, in order here stated: * * * (2) A specification of the errors relied upon, which, in cases brought up by writ of error, shall set out separately and particularly each error asserted and intended to be urged; and in cases brought up by appeal the specification shall state, as particularly as may be, in what the decree is alleged to be erroneous. * * * (4) * * * and errors not specified according to this rule will be disregarded; but the court, at its option, may notice a plain error not assigned or specified."

The "specification of errors relied upon," contained in the brief in this case, under rule 24, was a copy of the assignment of errors made under rule 11, and this was in these words:

"Comes now the defendant (appellant), Sovereign Camp of the Woodmen of the World, by Brome & Burnett, its attorneys, and shows that in the record of the proceedings of the above-entitled matter there is manifest error, in this, to wit: (1) The circuit court of the United States in and for the Southern district of Iowa, Central division, erred in finding and adjudging by its order herein made on the ———— day of August, 1898, that the equities of this cause are with the complainant, and that she is entitled to have and recover of the defendant the sum of $2,600, with 6 per cent. interest thereon from and after the 4th day of February, 1897; (2) the said court erred in holding and adjudging that the proper officers of defendant are ordered and required to make the assessments for the members of the defendant necessary for the payment of said sum; (3) the court erred in holding and adjudging that the testimony in the said cause, and filed therein at the time of the hearing thereof, entitled plaintiff (appellee) to the relief sought; (4) the court erred in holding and adjudging that the testimony taken in the said cause, and filed therein at the time of the hearing thereof, did not entitle the defendant (appellant) to maintain its defense in said cause interposed; (5) the court erred in rendering and entering its decree herein against defendant (appellant), and for complainant (appellee), requiring defendant (appellant) to pay to complainant (appellee) the sum of $2,600, with 6 per cent. interest thereon from and after the 4th day of February, 1897. Wherefore the said Sovereign Camp of the Woodmen of the World, defendant (appellant), prays that the order of said circuit court of the United States in and for the Southern district of Iowa be reversed and set aside, and for such further orders and decree as to this court may seem just and equitable in the premises."

Did this assignment "set out separately and particularly each error asserted and intended to be urged?" Did this specification "state as particularly as may be in what the decree is alleged to be erroneous?" It stated nothing more than that the decree was erroneous because it was for the wrong party,—because it was for the complainant when it should have been for the defendant. Cases may arise in which a declaration that the decree was not for the right party will constitute as particular a statement of the character of the error in the decree as can be made, but it is not believed that they will be numerous, and this case is not one of them. An examination of the argument which is contained in the latter portion of the brief of the counsel for the appellant in this case discloses the fact that they insist that the decree is erroneous for many reasons, and, among others, because it did not adjudge that the certificate was void on account of the failure of the member to pay his monthly dues and assessments; because it did not adjudge that it was void on account of his use of opiates to such an extent as to permanently impair his health; because it, in effect, adjudged that the certificate was valid notwithstanding the failure of Jackson to pay his dues and assessments, because he was sick during the time he failed to pay, and there was a provision of the constitution of the appellant that a member cannot become delinquent for the nonpayment of dues and assessments while he is sick; and because it adjudged, in effect, that the certificate was not void because of the intemperate use of intoxicants and narcotics unless the member was expelled from the order on that account. These reasons why the decree was erroneous are clearly pointed out and exhaustively discussed in the brief of counsel for the appellant. But we search in vain for any suggestion or intimation of them in the assignment or specification of errors. Rule 11 is that each error asserted and intended to be urged shall be separately and particularly

pointed out, not generally averred. None of the errors asserted in the argument, none of the questions of law or of fact there discussed, are pointed out in this assignment particularly or at all. Rule 24 requires the specification in the brief to state as particularly as may be in what the decree is alleged to be erroneous. The statement and discussion in the argument of the questions to which we have referred demonstrate the fact that a more particular statement of the errors in the decree might have been made than that which was contained in the assignment, because such a statement was made in the argument. The assignment and the specification alike utterly fail to comply with the express terms of the rules. Nor are they more fortunate in serving the purpose to accomplish which these rules were made. Assignments and specifications of error were required for the purpose of informing the court and the counsel for the opposing party what questions would be presented for consideration and review in the appellate court. An assignment which fails to point out these questions—one which compels court and counsel to look further and to search the brief in order to discover them—entirely fails to accomplish the purpose of its being, and is utterly futile. The assignment and the specification in the case at bar are apt illustrations of such a failure. They suggest none of the questions of law or of fact which the argument contained in the brief presents for our consideration. City of Lincoln v. Sun Vapor Street-Light Co., 19 U. S. App. 431, 434, 8 C. C. A. 253, 254, and 59 Fed. 756, 758; Oswego Tp. v. Travelers' Ins. Co., 36 U. S. App. 13, 17 C. C. A. 77, and 70 Fed. 225; Van Gunden v. Iron Co., 8 U. S. App. 229, 248, 3 C. C. A. 294, 296, and 52 Fed. 838, 841; Grape Creek Coal Co. v. Farmers' Loan & Trust Co., 24 U. S. App. 38, 45, 12 C. C. A. 350, 353, and 63 Fed. 891, 894; Doe v. Mining Co., 44 U. S. App. 204, 214, 17 C. C. A. 190, 196, and 70 Fed. 455, 461. In the early history of this court the arguments of counsel were considered, although they failed to strictly comply with the rules regarding assignments and specifications of error which we have been considering, because those rules had been recently adopted, and it was feared that some injustice might result if they were rigidly enforced before the attention of counsel had been specially called to them. It is now more than eight years since they were announced. In 1894 attention was sharply called to them in City of Lincoln v. Sun Vapor Street-Light Co., supra, and in 1895 in Oswego Tp. v. Travelers' Ins. Co., supra, and the warning was fairly given that they must be complied with. The disregard of them in this case is so glaring and complete that it cannot be overlooked. The motion to dismiss the appeal is granted.