UNITED STATES v. ALEXANDER.

(Circuit Court, N. D. Georgia. October 3, 1902.)

1. CRIMINAL LAW—TRIAL—MISCONDUCT OF DISTRICT ATTORNEY.

Where, at the time an objection was made to the argument of an assistant district attorney, the court, in the presence of the jury, stated to the attorney emphatically that the language was improper, and ought not to have been used, and no further action was requested by defendant and no exception taken, such argument is not ground for a new trial.

E. A. Angier, U. S. Atty., and Geo. L. Bell, Asst. U. S. Atty.
Pledger, Johnson & Malone, for defendant.

NEWMAN, District Judge. This is a motion for new trial. The defendant was charged with stealing and embezzling certain money, the property of the United States, from Maj. P. C. Stevens, paymaster in the United States army. No exception whatever was taken, and nothing was urged on the argument of the motion for new trial against the charge of the court. The defendant's counsel concede that the case was fairly and properly submitted to the jury.

The only real grounds urged are that the verdict is not supported by the evidence, and the ground made, by an amendment to the motion for new trial, that the assistant district attorney, in concluding the argument to the jury, used improper language, which tended to the prejudice of the defendant.

As to the first ground, that the verdict is not supported by the evidence, I do not think it meritorious. The jury found the defendant guilty, and, in my opinion, the evidence was sufficient to support their finding, and the court should not interfere with the verdict.

In reference to the improper language claimed to have been used by the assistant district attorney in his argument to the jury, the attention of the court was called by one of defendant's counsel to the use of this language immediately after the expressions were uttered, and the court stated to counsel, in the presence of the jury, in the most emphatic way, that the language was improper, and ought not to have been used. No further action by the court was requested, and no exception whatever was taken. On the contrary, defendant's counsel seemed entirely satisfied with the action of the court at the time. If further action by the court had been desired it should have been requested, and if refused an exception noted. Crumpton v. U. S., 138 U. S. 361, 11 Sup. Ct. 355, 34 L. Ed. 958.

I do not believe that the defendant was prejudiced in the slightest by the remark of the assistant district attorney. In my opinion, if it had any effect at all it was against the prosecution, and in favor of the defendant.